IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL BROWN, DP-2655, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Civil Action No. 05-969 |
| | ) |
| PENNSYLVANIA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
|     Defendants. | ) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Department of Corrections Defendants' Motion to Dismiss (Docket No.48) be granted as to the Department of Corrections and denied in all other respects and that the Motion to Dismiss submitted on behalf of Dr. Saavedra (Docket No.53) be denied.

II. Report:

Presently before the Court for disposition are Motions to Dismiss submitted on behalf of the Department of Corrections and its employee defendants ("DOC") and Dr. Saavedra.

Abdul Brown, an inmate at the State Correctional Institution - Fayette has presented a civil rights complaint which he has been granted leave to prosecute against the Pennsylvania Department of Corrections, thirty-one employees of that department[1] (collectively the DOC

---

[1] Those employees are defendants Jeffrey A. Beard, John S. Shaffer, Fred Maue Sharon Burks, Harry Wilson, Mark Krysevig, Linda Harris, Carol Scire, Darlene Linderman, Robert Tretinik, Edward Manchas, Michael Zaken, Gary Gallucci, Daniel Hooper, Gregory Mohring, Robert Stafford, Mark Mozingo, Katrina Shiver, Donna Vilcoss, Mike Piovarchy, Brian Petrosky, James Reed, Ray A. Barnes, Adam Snyder, Dan Evans, Halley, Richter, Keefer,

defendants) and two other individuals including Dr. Saavedra.

While verbose and expressing the plaintiff's general dissatisfaction with conditions at the prison, the plaintiff does set forth some allegations of particular concern. Specifically, he alleges that on December 12, 2004, Mohring, Stafford, Zaken and Gallucci threatened to keep him housed in the Long Term Segregation Unit ("LTSU") if he did not withdraw a pending lawsuit (¶ 36); that on February 9, 2005 he was assaulted by Mohring, Stafford, Monzingo, Barnes, Snyder, Evans, Reed, Petrosky, Richter and Halley and deprived of food and water for seven days, and strapped him into a chair in retaliation for litigation (¶¶ 40-46); that Shiver, Vilcoss and Piovarchy denied him medical treatment after he was assaulted (¶ 47); that Richter and Stafford assaulted him while he was strapped in the chair (¶ 55); that Saavedra removed the plaintiff from his psychotropic medication in retaliation for plaintiff filing lawsuits (¶¶ 57-58); that Reed and Petrosky forced him to use a filthy shower which resulted in him contracting a foot fungus (¶ 59); that in retaliation for his litigation, the plaintiff's family visit was shortened by Zaken (¶ 62); that Gallucci tampered with his legal materials (¶¶ 63-64); that Hooper and Keefer stole his incoming personal and legal mail (¶ 65); that Linderman and Kremposky destroyed his mail (¶ 66); that Wilson, Scire and Manchas created false entries in his prison record (¶ 71); that Scire has a policy of depriving certain prisoners of an impartial investigation into incidents in which they are involved (¶ 74); that Beard, Shaffer and Wilson directed that plaintiff be placed in a strip cell in retaliation for his litigation (¶¶ 83-84) and that Beard, Shaffer, Wilson, Zaken and Abrams have directed that the plaintiff's cell be changed every thirty days so as to psychologically torment him. These as well as other allegations in the complaint are said to set forth a cause of action

---

Kremposky and Abrams.

pursuant to 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. The Department of Corrections as well as the individual named defendants who are employees of the Department now move to dismiss.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972).

Initially, we note that as an agency of the Commonwealth, the Department of Corrections is not a "person" within the contemplation of § 1983 and should be dismissed. Will v. Michigan, 491 U.S. 58 (1989).

As to the remaining DOC movants, it appears that while the complaint is at sometimes vague, and at sometimes overbroad, accepting as we must the allegations set forth therein, it is conceivable that the plaintiff is setting forth a claim upon which relief may be granted. Accordingly, it is recommended that the motion to dismiss be granted as to the Department of Corrections and denied in all other respects.

Defendant Saavedra has also moved to dismiss. In his complaint, Brown specifically alleges that Dr. Saavedra discontinued his psychotropic medication in retaliation for Brown's

litigation.[2] Construing this allegation as true, it is conceivable that the plaintiff is setting forth a viable claim against Saavedra and for this reason, his motion to dismiss should likewise be denied.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
United States Magistrate Judge

Entered: January 3, 2006

---

[2] See: Complaint at ¶¶ 57-58.