IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL BROWN, DP-2655, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 05-969 |
| | ) |
| PENNSYLVANIA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
|     Defendants. | ) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion to Dismiss submitted on behalf of defendant Meyers (Docket No. 86) treated as a motion for summary judgment be granted for failure to exhaust the available administrative

II. Report:

Presently before the Court for disposition is a Motion to Dismiss submitted on behalf of defendant Physician's Assistant Christopher Meyer.

Abdul Brown, an inmate at the State Correctional Institution - Fayette has presented a civil rights complaint which he has been granted leave to prosecute against the Pennsylvania Department of Corrections, thirty-one employees of that department[1] (collectively the DOC

---

[1] Those employees are defendants Jeffrey A. Beard, John S. Shaffer, Fred Maue Sharon Burks, Harry Wilson, Mark Krysevig, Linda Harris, Carol Scire, Darlene Linderman, Robert Tretinik, Edward Manchas, Michael Zaken, Gary Gallucci, Daniel Hooper, Gregory Mohring, Robert Stafford, Mark Mozingo, Katrina Shiver, Donna Vilcoss, Mike Piovarchy, Brian Petrosky, James Reed, Ray A. Barnes, Adam Snyder, Dan Evans, Halley, Richter, Keefer, Kremposky and Abrams.

defendants) and two other individuals including Dr. Saavedra and Physician's Assistant Christopher Meyer..

While verbose and expressing the plaintiff's general dissatisfaction with conditions at the prison, the plaintiff does set forth some allegations of particular concern. Specifically, he alleges that on December 12, 2004, Mohring, Stafford, Zaken and Gallucci threatened to keep him housed in the Long Term Segregation Unit ("LTSU") if he did not withdraw a pending lawsuit (¶ 36); that on February 9, 2005 he was assaulted by Mohring, Stafford, Monzingo, Barnes, Snyder, Evans, Reed, Petrosky, Richter and Halley and deprived of food and water for seven days, and strapped him into a chair in retaliation for litigation (¶¶ 40-46); that Shiver, Vilcoss and Piovarchy denied him medical treatment after he was assaulted (¶ 47); that Richter and Stafford assaulted him while he was strapped in the chair (¶ 55); that Saavedra removed the plaintiff from his psychotropic medication in retaliation for plaintiff filing lawsuits (¶¶ 57-58); that Reed and Petrosky forced him to use a filthy shower which resulted in him contracting a foot fungus (¶ 59); that in retaliation for his litigation, the plaintiff's family visit was shortened by Zaken (¶ 62); that Gallucci tampered with his legal materials (¶¶ 63-64); that Hooper and Keefer stole his incoming personal and legal mail (¶ 65); that Linderman and Kremposky destroyed his mail (¶ 66); that Wilson, Scire and Manchas created false entries in his prison record (¶ 71); that Scire has a policy of depriving certain prisoners of an impartial investigation into incidents in which they are involved (¶ 74); that Beard, Shaffer and Wilson directed that plaintiff be placed in a strip cell in retaliation for his litigation (¶¶ 83-84) and that Beard, Shaffer, Wilson, Zaken and Abrams have directed that the plaintiff's cell be changed every thirty days so as to psychologically torment him. These as well as other allegations in the complaint are said to set forth a cause of action pursuant

to 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Christopher Meyer now moves to dismiss.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Schrob v. Catterson</u>, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

In support of his motion to dismiss, Meyer has submitted the affidavit of Carol Scire, who is the assistant to the institutional Superintendent and is familiar with the grievance procedure which is in place at the facility. Ms. Scire states that she has examined the relevant grievance file of the plaintiff and that "Mr. Brown <u>did</u> <u>not</u> file a single grievance against Physicians Assistant Christopher Meyer" and that as a result he has failed to exhaust the available administrative remedies.

The Prison Litigation Reform Act provides in 42 U.S.C. § 1997(e)(a) that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See: <u>Santana v. United States</u>, 98 F.3d 752 (3d Cir. 1996).  Pennsylvania provides such a

3

mechanism.[2] This requirement also has a procedural default component. <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir.2004).

Although provided with an opportunity to do so, the plaintiff has not responded to the motion.

Where in reviewing a motion to dismiss, matter beyond the complaint are considered by the court, the motion is treated as one for summary judgment. F.R.Civ.P. 12(b)(6). Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. <u>Biener v. Calio</u>, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. <u>Orsetti v. New Jersey</u>, 71 F.3d 480 (3d Cir.1995). Because it is apparent from the record that the plaintiff has failed to exhaust the available administrative records as to defendant Meyer, it is recommended that his motion to dismiss, treated as a motion for summary judgment be granted.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                              Respectfully submitted,

                                              s/Robert C. Mitchell,

Entered: October 16, 2006                   United States Magistrate Judge

---

[2] See: Administrative Directive 804.