IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL BROWN, )<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>PENNSYLVANIA DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>   Defendants. ) | Civil Action No. 05-969 |

REPORT AND RECOMMENDATION

I. Recommendation

  It is respectfully recommended that the plaintiff's motion for a temporary restraining order and/or a preliminary injunction (Document No. 108) be denied, without prejudice.

II. Report

  Presently before the Court is the plaintiff's motion for a temporary restraining order and/or a preliminary injunction to enjoin prison officials from confiscating his legal materials.

  The plaintiff, Abdul Brown, an inmate at the State Correctional Institution at Fayette, PA ("SCIF"), has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis.[1]  The plaintiff complains that on December 12, 2004, Mohring, Stafford, Zaken and Gallucci threatened to keep him housed in the long term segregation unit if he did not

---

2. Named as defendants in the complaint are several officials of the Pennsylvania Department of Corrections, including: Jeffrey Beard, John Shaffer, Lance Couturier, Fred Maue, Sharon Burks, Harry Wilson, Mark Krysevig, Linda Harris, Carol Scire, Darlene Linderman, Robert Tretinik, Edward Manchas, Michael Zaken, Gary Gallucci, Daniel Hooper, Gregory Mohring, Robert Stafford, Mark Mozingo, Katrina Shiver, Donna Vilcoss, Mike Piovarchy, Brian Petrosky, James Reed, Ray Barnes, Adam Snyder, Dan Evans, Gary Abrams, Halley, Richter, Keefer, and Kremposky, as well as Dr. Pete Saavedra and Physician's Assistant Christopher Meyer.

withdraw a pending lawsuit; that on February 9, 2005, he was assaulted by Mohring, Stafford, Mozingo, Barnes, Snyder, Evans, Reed, Petrosky, Richter and Halley, deprived of food and water for seven days, and strapped into a chair in retaliation for his litigation; that Richter and Stafford assaulted him while he was strapped in the chair; that Shiver, Vilcoss and Piovarchy denied him medical treatment after he was assaulted; that Saavedra removed him from his psychotropic medication in retaliation for his filing lawsuits; that in retaliation for his litigation, his family visit was shortened by Zaken; that Gallucci tampered with his legal material, Hooper and Keefer stole his personal and legal mail, and Linderman and Kremposky destroyed his mail; that Wilson, Scire and Manchas created false entries in his prison record; that in retaliation for his litigation, Beard, Shaffer and Wilson directed that he be placed in a strip cell; and that Beard, Shaffer, Wilson, Zaken and Abrams directed that his cell be changed every thirty days, so as to psychologically torment him.  These allegations are said to state a claim under the provisions of 42 U.S.C. § 1983.

     The plaintiff now moves for a temporary restraining order and/or a preliminary injunction to enjoin officials at SCIF from confiscating his legal material and hindering his access to the court.  In support of his motion for injunctive relief, the plaintiff asserts that on January 2, 2007, defendants Wilson, Mohring and Zaken seized his legal property to obstruct his pursuit of legal claims.

     Rule 65 of the Federal Rules of Civil Procedure, and case law interpreting that rule provide that in order to obtain injunctive relief, a plaintiff must demonstrate: (1) a reasonable likelihood of ultimate success on the merits, (2) that irreparable harm will result if the relief sought is not granted, (3) that the issuance of injunctive relief will not result in greater harm to

the nonmoving party, and (4) that the public interest would best be served by granting the relief sought.  Campbell Soup Co. v. Conagra, Inc., Inc., 977 F.2d 86, 90-91 (3d Cir. 1992).   The Third Circuit Court of Appeals has stated that "the grant of injunctive relief is an extraordinary remedy which should be granted only in limited circumstances."  American Telephone and Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 U.S. 1103 (1995).  The Court also explained:

> The injunction should issue only if the plaintiff produces
> evidence sufficient to convince the district court that all four
> factors [listed above] favor preliminary relief.

Id. at 1427.

The plaintiff has not met his burden of showing that injunctive relief is warranted.  That is, at this juncture, we cannot say that the plaintiff is setting forth a factual basis which demonstrates that he will ultimately prevail on the merits.  Further, while the plaintiff complains he is being denied access to the courts due to the confiscation of his legal material, we note that to prevail on such a claim, an inmate must show an actual injury, such as the loss or rejection of a legal claim, or of being hindered in his efforts to pursue a legal claim.  Lewis v. Casey, 116 S.Ct. 2174 (1996); Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997).  Without such a showing, a denial of access to the courts claim must fail.  In this case, the plaintiff has not shown he has suffered an actual injury due to the alleged confiscation of his legal material.  Although he claims he is impeded from pursuing his legal claims, it appears that the plaintiff has pursued this legal action without hindrance.

Therefore, since he has failed to show that injunctive relief is warranted, the plaintiff's motion for a temporary restraining order and/or a preliminary injunction should be

denied, without prejudice.

Within thirteen days after being served with a copy, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                s/ ROBERT C. MITCHELL
                United States Magistrate Judge

Dated: January 25, 2007