IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL BROWN, )<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>PENNSYLVANIA DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>        Defendants. ) | Civil Action No. 05-969 |

## MEMORANDUM AND ORDER

Presently before the Court is the plaintiff's renewed motion for the appointment of counsel (Document No. 152). This matter is before the Court for a determination of whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. §1915(e)(1) and request an attorney to represent the plaintiff in prosecuting this case.

The plaintiff, Abdul Brown, an inmate at the State Correctional Institution at Fayette, PA, has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs. Named as defendants in the complaint are the Pennsylvania Department of Corrections, thirty-one of its employees (collectively, the "Commonwealth defendants"), and two other individuals, Dr. Pete Saavedra and Physician's Assistant, Christopher Meyer. Dr. Saavedra is the lone remaining defendant in this case, as summary judgment was granted on behalf of the other defendants.[1]

---

1. On November 13, 2006, summary judgment was granted as to defendant Christopher Meyer. On April 12, 2007, summary judgment was granted on behalf of the Commonwealth defendants.

With respect to his claim against Dr. Saavedra, the plaintiff contends that the defendant removed him from his psychotropic medication in retaliation for his filing various lawsuits. This alleged misconduct is said to have violated the plaintiff's civil rights under 42 U.S.C. § 1983.

This is the plaintiff's second petition for the appointment of counsel. He petitioned this Court for the appointment of counsel on October 20, 2006.[2] In a Memorandum and Order dated October 23, 2006, the plaintiff's request for the appointment of counsel was denied.[3] In his renewed motion for appointment of counsel, it does not appear that the plaintiff is adding any new averments to those set forth in his previous petition.

Therefore, for the reasons set forth in the Court's Memorandum and Order dated October 23, 2006, and because consideration of the factors set forth in <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993) does not warrant the appointment of counsel in this case, we decline to exercise our discretion to appoint counsel for the plaintiff in the prosecution of this action.

An appropriate Order will be entered.

---

2. See, Document No. 90.

3. See, Document No. 91.

O R D E R

AND NOW, this 10th day of July, 2007,

IT IS ORDERED THAT the plaintiff's renewed motion for the appointment of counsel (Document No. 152) is hereby denied, without prejudice.

IT IS FURTHER ORDERED that if the plaintiff desires review of this Order by the District Judge to whom this case is assigned he must within ten (10) days of this date file an application with the Clerk of Court.  Failure to do so will waive the right to appeal.  Siers v. Morrash, 700 F.2d 113 (3d Cir. 1983).

s/ ROBERT C. MITCHELL
United States Magistrate Judge