IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABDUL BROWN, DP-2655,              )
    Plaintiff,                         )
                                       )
    v.                                 ) Civil Action No. 05-969
                                       )
PENNSYLVANIA DEPARTMENT OF         )
CORRECTIONS, et al.,               )
    Defendants.                        )

Supplemental Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion for Summary Judgment submitted on behalf of defendant Saavedra (Docket No.147) be granted and that judgment be entered accordingly.

II. Report:

Presently before the Court for disposition is a Motion for Summary Judgment submitted on behalf of defendant Saavedra the only remaining defendant in this action.

Abdul Brown, an inmate at the State Correctional Institution - Fayette has presented a civil rights complaint which he has been granted leave to prosecute against the Pennsylvania Department of Corrections, thirty-one employees of that department (collectively the Commonwealth defendants) and two other individuals, Dr. Saavedra and Physician's Assistant Christopher Meyer.[1]

---

[1] Summary Judgment was granted on behalf of defendant Chris Meyer on November 13, 2006, and in favor of the Commonwealth defendants on April 12, 2007.

While verbose and expressing the plaintiff's general dissatisfaction with conditions at the prison, the plaintiff does set forth some allegations of particular concern. Specifically, he alleges that on December 12, 2004, Mohring, Stafford, Zaken and Gallucci threatened to keep him housed in the Long Term Segregation Unit ("LTSU") if he did not withdraw a pending lawsuit (¶ 36); that on February 9, 2005 he was assaulted by Mohring, Stafford, Monzingo, Barnes, Snyder, Evans, Reed, Petrosky, Richter and Halley and deprived of food and water for seven days, and strapped into a chair in retaliation for litigation (¶¶ 40-46); that Shiver, Vilcoss and Piovarchy denied him medical treatment after he was assaulted (¶ 47); that Richter and Stafford assaulted him while he was strapped in the chair (¶ 55); that Saavedra removed the plaintiff from his psychotropic medication in retaliation for plaintiff filing lawsuits (¶¶ 57-58); that Reed and Petrosky forced him to use a filthy shower which resulted in him contracting a foot fungus (¶ 59); that in retaliation for his litigation, the plaintiff's family visit was shortened by Zaken (¶ 62); that Gallucci tampered with his legal materials (¶¶ 63-64); that Hooper and Keefer stole his incoming personal and legal mail (¶ 65); that Linderman and Kremposky destroyed his mail (¶ 66); that Wilson, Scire and Manchas created false entries in his prison record (¶ 71); that Scire has a policy of depriving certain prisoners of an impartial investigation into incidents in which they are involved (¶ 74); that Beard, Shaffer and Wilson directed that plaintiff be placed in a strip cell in retaliation for his litigation (¶¶ 83-84) and that Beard, Shaffer, Wilson, Zaken and Abrams have directed that the plaintiff's cell be changed every thirty days so as to psychologically torment him. These as well as other allegations in the complaint are said to set forth a cause of action pursuant to 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. The remaining defendant, Dr. Saavedra now moves for

summary judgment.

It is provided in 42 U.S.C. §1983 that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In support of his motion Summary judgment Dr. Saavedra contends that the plaintiff received appropriate medical attention from him and that the plaintiff's needs were not neglected. Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matters raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

The plaintiff's allegations against Dr. Saavedra, are set forth in ¶¶ 57 and 58 of his complaint:

57. Defendant Pete Saavedra maliciously took plaintiff off all psychotic medication. Deliberate indifference to plaintiff psychiatric needs.

58. Defendant Pete Saavedra is trying to maliciously torture plaintiff and cover up for the D.O.C. by taking him off his medication because of his pending law suit.

In order to prevail on his claim, the plaintiff must demonstrate that the defendant exhibited deliberate indifference to a serious medical need of the plaintiff's thereby exposing him to an excessive health risk Nicini v. Morra, 212 F.3d 798 (3d Cir.2000). Claims of negligence or even medical malpractice without some more culpable state of mind do not rise to this level. Rouse v.

Plantier, 182 F.3d 192 (3d Cir. 1999).[2]

    In his present motion, Dr. Saavedra has provided extensive medical evidence of the propriety of the treatment he provided to the plaintiff as well as his suspicion that the plaintiff was faking his psychiatric symptoms in order to gain release from his disciplinary segregation at the institution[3]

    Appended to his motion, Dr. Saavedra has provided copies of reports of the prison psychologist as well as those of his own treatment of the plaintiff. Additionally, he has provided excerpts from the plaintiff's deposition in which Brown concedes that he has no medical expert to support his allegations against Dr. Saavedra.[4]

    The voluminous medical records submitted demonstrate that between June 15, 2004 and May 24, 2005, Dr. Saavedra provided medical treatment to the petitioner on at least eighteen occasions.[5] From those records, we conclude that on several occasions Dr. Saavedra adjusted the plaintiff's medication in accordance with his then presenting symptoms and that on two different occasions, December 29, 2004 and May 6, 2005, he discontinued the prescribed medication

---

    [2] We note that in an earlier action C.A. 04-1361, the plaintiff made similar complaints about Dr. Saavedra. Summary judgment was granted in Dr. Saavedra's favor on September 18, 2006.

    [3] We note that the plaintiff has submitted an objection to the movant again seeking summary judgment after his motions to dismiss and for summary judgment had previously been denied. While we agree that the movant could have avoided this protracted litigation by supporting his prior motions with the documentation he now provides, it also conserves judicial resources to address the motion at this time rather than proceed to trial with the matter being subject to a judgment as a matter of law in favor of the defendant for lack of evidence upon which a reasonable jury could impose liability.

    [4] See: Exhibit B at p.22.

    [5] See: Exhibit G.

because of the plaintiff's refusal to take it. The latter incidents appear to be the basis for the plaintiff's complaint at ¶ 57.

Other records from the prison psychologist, Dr. Gallucci, have also been provided.[6] He likewise treated the plaintiff on numerous occasions and likewise reported variations in the plaintiff's condition, and also questioned Brown's motivation.

Finally, we observe that by his own admission, the plaintiff is unable to substantiate any aspects of his claims against Dr. Saavedra.[7]

In opposing the motion, the plaintiff does not present any substantive support for his claim but rather argues that the instant motion is untimely (Docket No.155). While we agree with the plaintiff, to honor his objections would be to promote form over substance which would ultimately result in the complaint being dismissed as to the doctor for lack of any evidentiary supports.

Accordingly, because there are no factual issues in dispute and because, as a matter of law the plaintiff cannot prevail, it is recommended that the motion for summary judgment submitted on behalf of the last remaining defendant be granted and that judgment be entered accordingly.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have

---

[6] See: Exhibit F.

[7] See: Exhibit B at p.22.

seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                         Respectfully submitted,

                                                         s/Robert C. Mitchell,
Entered: July 30, 2007                          United States Magistrate Judge